**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles Thomas HILL,**
**Defendant-Appellant.**

**No. 78–5074.**

United States Court of Appeals,
Sixth Circuit.

Argued April 2, 1980.

Decided April 21, 1981.

Robert K. Sachs, Cincinnati, Ohio, for defendant-appellant.

James C. Cissell, U. S. Atty., Cincinnati, Ohio, Terry W. Lehmann, Cincinnati, Ohio, Paul J. Brysh, c/o T. George Gilinsky, Washington, D. C., for plaintiff-appellee.

Before EDWARDS, Chief Judge, and WEICK, LIVELY, ENGEL, KEITH, MERRITT, BROWN, KENNEDY, BOYCE F. MARTIN, Jr., and JONES, Circuit Judges, sitting En Banc.*

EDWARDS, Chief Judge.

Appellant Hill was indicted, along with 36 other defendants, in a major Title IX Organized Crime Control Act of 1970 prosecution in relation to which a comprehensive opinion (fully describing the indictment) has been released. *See United States v. Sutton,*

---

* Honorable Anthony J. Celebrezze, Circuit Judge, did not participate in this appeal.

642 F.2d 1001 (6th Cir. 1980) (en banc). The District Court had directed that 10 of the Title IX defendants be tried jointly—but separated from the other 26. When the case was assigned for trial, on appellant Hill's motion, he was granted severance and was tried to a jury separately. The jury found Hill guilty on one count of conspiring to conduct the affairs of an enterprise affecting interstate commerce through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d) (1976), and on three counts of using the telephone to facilitate possession and distribution of controlled substances, in violation of 21 U.S.C. § 843(b) (1976). Hill was sentenced to 12 years on Count 1 (§ 1962(d)) and to a total of 12 years (concurrent with the Count 1 sentence) on the § 843(b) counts.

Hill's case is distinguished from the other nine defendants' cases primarily in the fact that his drug dealing was in obetrol, a Schedule II substance, also known as OPs. The jury convictions for § 843(b) violations involved search-warrant-authorized interception of Hill's conversations with Edwin Adams concerning furnishing OPs to the latter. These were found by the jury to represent "facilitating" possession and distribution of obetrol.

In addition, the government presented at trial a search-warrant-authorized telephone conversation interception and a search warrant seized list of burglarized goods which Hill had "picked up" for Edwin Adams. The jury could, from these proofs, have found (as it obviously did) that Hill was a relatively minor conspirator in the large conspiracy to violate § 1962(d) which is outlined in our concurrently issued opinion in *United States v. Sutton, supra.*

 The record in Hill's case provides ample evidence to allow the jury to find his guilt beyond reasonable doubt on all four counts.

Our review of his appeal discloses no reversible error in his trial.

Section IX of the *Sutton* opinion dealing with Sentencing is hereby adopted as applicable to appellant Hill.

For the reasons set forth above and further elucidated in *United States v. Sutton, supra,* the judgment of conviction as to appellant Hill is affirmed.

MERRITT, Circuit Judge, dissenting.

For the reasons set out in my dissenting opinion in *United States v. Sutton,* 642 F.2d 1001 (6th Cir. 1980) (en banc), I also dissent in this companion case.

KEITH, BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges, join in this dissent.